**Yi Guan CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.**

No. 05–0050–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Dehai Zhang, Flushing, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Virginia A. Gibson, Assistant United States Attorney, Philadelphia, Pennsylvania, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Yi Guan Chen, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). We review its legal conclusions *de novo*. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 543–44 (2d Cir.2005).

Preliminarily, we observe that it is by no means clear that Chen is eligible for asylum based on the alleged persecution of his parents for violating China's family planning policies. *Cf. Ai Feng Yuan v. United States Dep't of Justice*, 416 F.3d 192, 197 (2d Cir.2005) (declining to extend eligibility to parents or in-laws of persons so persecuted). No matter.

Substantial evidence supports the IJ's finding that whatever harm Chen suffered did not amount to persecution. While acknowledging that a total denial of education, on account of a protected ground, might constitute persecution, the IJ pointed out that Chen had attended school until he was fourteen. Moreover, he could not establish that the school he attended was inferior, simply with a conclusory statement to that effect. Finally, his claim that his inferior education would prevent him from obtaining a higher-paying government job was insufficient to establish economic persecution. Economic deprivations can rise to the level of persecution only if they are " 'so severe that they constitute a threat to the individual's life or freedom,' " and Chen's vague testimony was insufficient to establish that he suffered, or was likely to suffer, such a severe deprivation. *See Damko v. INS*, 430 F.3d 626, 634 (2d Cir.2005) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 1985 WL 56042 (BIA 1985)).

Chen failed to address the IJ's denial of either withholding or CAT relief in his brief to this Court, other than in a single conclusory statement. *See* Petitioner's Brief at 12–13. Therefore, these claims are deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d at 542 n. 7; *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending request for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).